IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50657
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MURRELL LaTODD ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-97-CR-70-ALL
_____

March 30, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Murrell LaTodd Robinson appeals his conviction and sentence
for distribution and possession with intent to distribute crack
cocaine.  Robinson argues that his Fourth Amendment rights were
violated by the police officers' failure to "knock and announce"
prior to entering his apartment pursuant to a search warrant, and
that the district court erred in increasing his guideline offense
level pursuant to § 3C1.1 on the basis that he committed perjury at
trial.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewing the facts in the light most favorable to the prosecution, the district court had ample evidence to conclude that the officers reasonably suspected that knocking and announcing would have placed them in danger and probably would have resulted in the destruction of evidence.  See Richards v. Wisconsin, 520 U.S. 385, ___, 117 S.Ct. 1416, 1421 (1997).  Accordingly, the district court did not err in denying Robinson's motion to suppress on the basis of the officers' failure to "knock and announce."

As for the sentencing enhancement for obstruction of justice, perjury is specifically listed in the comments to § 3C1.1 as an example of conduct to which the enhancement applies.  See U.S. Sentencing Guidelines, § 3C1.1, comment. (n.3(b)); United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).  In the light of the colloquy preceding the decision to apply § 3C1.1, the district court made sufficient findings of obstruction of justice based on Robinson's perjured testimony that he was not involved in selling crack cocaine.  See Storm, 36 F.3d at 1295.  The district court did not clearly err in concluding that Robinson's offense level should be increased by two levels for obstruction of justice under § 3C1.1.  See United States v. Dunnigan, 507 U.S. 87, 95 (1993)).

A F F I R M E D.